**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Komarnisky,<br><br>    Plaintiff,<br><br>v.<br><br>United Healthcare Insurance Company,<br><br>    Defendant. | No. CV-12-01768-PHX-DGC<br><br>**ORDER** |

  Plaintiff, Dr. Chris Komarnisky, filed a complaint against Defendant on July 16, 2012 in the San Marcos Justice Court for Maricopa County. Defendant United Healthcare Insurance Company ("UHIC") removed the matter to this Court on August 17, 2012. Doc. 1. On August 24, 2012, UHIC filed a motion to dismiss pursuant to Rule 12(b)(6) on the grounds that the claims are pre-empted by the exclusive remedial provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001. Doc. 7. Plaintiff filed a response on December 6, 2012 (Doc. 11), and UHIC filed a reply on December 17, 2012 (Doc. 12). No party has requested oral argument. For the reasons that follow, the Court will grant UHIC's motion to dismiss.

  UHIC is the administrator of an ERISA health plan sponsored by Wells Fargo & Company. Doc. 7 at 1-2. Plaintiff is a doctor that provided chiropractic services for Terri Genevay, a participant in the Wells Fargo health plan. Doc. 7 at 1-2. Plaintiff alleges that the plan applied payment for 27 chiropractic visits to Ms. Genevay's deductible rather than compensating him. Plaintiff brings state law breach of contract claims, presumably as his patient's assignee, against UHIC. Defendant argues that

Plaintiff's state law claims are preempted by exclusive remedial provisions of ERISA and that the plan participant did not exhaust administrative remedies.

State causes of action that duplicate, supplement, or supplant the civil enforcement provisions of ERISA are preempted by § 502(a). *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208-09 (2004). The state law claims do not need to precisely duplicate the elements of an ERISA claim to be preempted. *Id* at 216. In the Ninth Circuit, ERISA participants also must exhaust the plan's internal administrative procedures before bringing suit. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008).

UHIC argues that the state law breach of contract claims arise from a dispute regarding coverage under an ERISA plan, 29 U.S.C. § 1002(1), and are preempted. Plaintiff argues that UHIC's preemption arguments are attempts to delay the litigation and, because the claim is relatively small, the parties should "keep it simple and get this over with." Doc. 11 at 2. Plaintiff's arguments do not respond to the legal merits of the UHIC's motion, nor does he dispute that the plan is governed by ERISA. In the absence of any argument to the contrary, the Court finds that the state law claims "duplicate, supplement, or supplant[]" the ERISA civil enforcement remedy and are preempted. *Davila*, 542 U.S. at 208.

Additionally, Plaintiff does not respond directly to UHIC's argument that the plan participant failed to exhaust her administrative remedies. Plaintiff does not dispute that Mrs. Genevay never availed herself of the plan's internal procedures for benefit denial disputes, and his appeal on her behalf was not initiated until several months after he filed this complaint. The Court also finds that this claim is barred by failure to exhaust administrative remedies. *Vaught*, 546 F.3d at 626.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 7) is **granted.** The Clerk is directed to terminate this action.

Dated this 12th day of February, 2013.

_____
David G. Campbell
United States District Judge